UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10527-GAO

TERRY C. SHELTON,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

MEMORANDUM AND ORDER
June 7, 2010

O'TOOLE, D.J.

## I.     Introduction

For the reasons stated below, the Court denies without prejudice the petitioner's request for relief from his conviction and sentence.

## II.    Background

On August 2, 2006, Terry Shelton pled guilty in this Court to possession of cocaine base with intent to distribute and aiding and abetting. See Terry v. United States, Crim. No. 05-10202-RWZ.  He was later sentenced to 188 months of incarceration and eight years of supervised release.  See id. (docket entry #43).  He did not appeal or collaterally attack his conviction or his sentence.  On July 22, 2008, the Court denied his motion for a reduction in sentence.  See id. (docket entry #53).  The United States Court of Appeals for the First Circuit affirmed the denial of the motion.  See id. (docket entry #65).

On June 1, 2010, Shelton filed a document captioned "60(b)(6) All WRITS ACT 28 USC §1651 writ of error and 28 USC §§ 2241-2243, et seq."  In the first paragraph of this document, Shelton characterizes his request for relief as an "Application For Writ of habeas

corpus" and alleges that he is "being unlawfully restrained from his liberty in violation of the Constitution and laws of the Untied States." Pet. at 1. Shelton argues that his conviction was in contravention of the law because he was arrested and taken from state custody into federal custody without a "writ of ad prosequendum" or an "affidavit complaint or arrest warrant." Shelton further alleges that, because of these alleged improprieties, his right to due process was violated and this Court never had jurisdiction over the criminal prosecution against him.

The Clerk docketed the document as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and assigned a new case number.

### III.   Discussion

Whether the Court construes Shelton's filing as a motion under Fed. R. Crim. P. 60(b)(6), Fed. R. Civ. P. 60(b)(6), a petition under 28 U.S.C. § 1651, or a petition for a writ of habeas corpus under 28 U.S.C. § 2241, his request for relief must be denied because a motion under 28 U.S.C. § 2255 is the appropriate vehicle by which to challenge a federal conviction or sentence. This statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). There are some restrictions on motions under § 2255. The motion must be filed within one year of the date of conviction, the date any impediment the government created to filing such a motion is removed, the date on which the right asserted was recognized by the Supreme Court, or the date on which the prisoner discovers or should have discovered the facts

supporting his request for relief.  See 28 U.S.C. § 2255(f).  Further, if the prisoner seeks to bring a second or successive motion under § 2255, he must first obtain permission from the appropriate court of appeals to do so.  See 28 U.S.C. § 2255(h).

These restrictions on motions under § 2255 cannot be avoided by stylizing a request for relief from a conviction or sentence as a Rule 60(b) motion, a petition under the All Writs Act, or a petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("The strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ.  Put bluntly, the All Writs Act is not a jujube."); United States v. Winestock, 340 F.3 200, 206 (4th Cir. 2003); United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651").

Section 2255 does permit a federal prisoner to challenge the legality of his sentence through a petition under 28 U.S.C. § 2241 for a writ of habeas corpus if a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); see also Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute.").  However, the fact that a litigant procedurally defaults on a § 2255 motion does not mean that a § 2255 motion is an inadequate or ineffective vehicle to challenge the legality of the litigant's detention.  See Barrett, 178 F.3d at 53.  Here, Shelton does not present, and the Court cannot discern, any reason why a motion under § 2255 is inadequate or ineffective to challenge his conviction or sentence.

The Court recognizes that Shelton has asked that he "not be barred from the appropriate

remedy because he has mis-styled this motion," and that the Court "construe this motion as whatever one is proper under the circumstances." Pet. at 18. However, because of the restrictions on filing second or successive § 2255, the Supreme Court has held that courts cannot automatically recharacterize a document as a first § 2255 motion:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

Castro v. United States, 540 U.S. 375, 377 (2003). In lieu of recharacterizing the request for relief as a § 2255 motion and giving Shelton an opportunity to amend the document, the Court will simply deny the request without prejudice.

**IV.   Conclusion**

Accordingly, Shelton's request for relief from his conviction and sentence is denied without prejudice. No filing fee shall be assessed. This action shall be dismissed.


    SO ORDERED.


 6/7/10                                               /s/ George A. O'Toole, Jr.
DATE                                                  GEORGE A. O'TOOLE, JR.
                                                      UNITED STATES DISTRICT JUDGE