UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11402-GAO

TERRY C. SHELTON,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

## I.      Introduction

For the reasons stated below, the Court DENIES without prejudice the Petitioner's request for relief from his conviction and sentence and DISMISSES this action *sua sponte*.

## II.     Background

### A.     Criminal Background

On August 2, 2006, Terry Shelton ("Shelton), a prisoner currently in custody at USP Coleman II in Coleman, Florida, pled guilty in this Court to possession of cocaine base with intent to distribute, and aiding and abetting. See Terry v. United States, Crim. No. 05-10202-RWZ. He was later sentenced to 188 months of incarceration and eight years of supervised release. See id. (Docket No. 43). He did not appeal or collaterally attack his conviction or his sentence. On July 22, 2008, the Court denied his motion for a reduction in sentence. See id. (Docket No. 54). The United States Court of Appeals for the First Circuit affirmed the denial of the motion. See id. (Docket No. 65).

### B.     Shelton's First Habeas Petition

On June 1, 2010, Shelton filed a document captioned "60(b)(6) All WRITS ACT 28 USC §1651 writ of error and 28 USC §§ 2241-2243, et seq." See <u>Shelton v. United States</u>, Civil Action 10-10915-GAO.  In the first paragraph of this document, Shelton characterized his request for relief as an "Application For Writ of habeas corpus" and alleged that he was "being unlawfully restrained from his liberty in violation of the Constitution and laws of the Untied States."  Pet. at 1.  Shelton argued that his conviction was in contravention of the law because he was arrested and taken from state custody into federal custody without a "writ of ad prosequendum" or an "affidavit complaint or arrest warrant."  Shelton further contended that, because of these alleged improprieties, his right to due process was violated and this Court never had jurisdiction over the criminal prosecution against him.

The Clerk docketed the document as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and assigned a new case number.

Thereafter, on June 7, 2010, this Court issued a Memorandum and Order (Docket No. 3) dismissing that action *sua sponte*, finding that whether Shelton's motion was filed under Fed. R. Crim. P. 60(b)(6) or as a petition under 28 U.S.C. § 1651, his request for relief had to be denied because a motion under 28 U.S.C. § 2255 was the appropriate vehicle by which to challenge a federal conviction or sentence.

The Memorandum and Order and separate Order for Dismissal (Docket No. 4) were mailed to Shelton on or about June 8, 2010; however, on June 21, 2010 the mail sent to Shelton was returned as undeliverable.

C. <u>The Instant Action</u>

Subsequent to the dismissal of the first case, on July 19, 2010, Shelton filed a duplicative or substantially similar pleading as the one filed in Civil Action No. 10-10915-GAO. This pleading contained the same challenges with respect to his conviction and sentence. The Clerk's Office opened this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

**III.    Discussion**

In light of the returned mail as undeliverable in the first case, the Court presumes that Shelton did not have notice of the Memorandum and Order and Order for Dismissal in Civil Action No. 10-10915-GAO, and therefore simply re-filed a duplicative pleading.[2] In any case, for the reasons previously set forth in the Memorandum and Order (Docket No. 3) in Civil Action No. 10-10915-GAO, this action fares not better, and his request for relief from his conviction and sentence also must be denied.

To reiterate the salient points in the prior opinion, the proper vehicle for Shelton to challenge his conviction or sentence is through a motion under 28 U.S.C. § 2255, and the restrictions on motions under § 2255 cannot be avoided by stylizing a request for relief from a conviction or sentence as a Rule 60(b) motion, a petition under the All Writs Act, or a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("The strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ. Put bluntly, the All Writs Act is not a jujube."); United

---

[1] The pleading is stamped by the Clerk's Office as received on July 19, 2010, but not opened on the dockets of this Court until August 16, 2010.

[2] This assumption is bolstered by the fact that on July 6, 2010, Shelton filed a letter in his criminal case (CR 05-10202-RWZ) stating that he recently filed a motion with the Clerk's Office, and requesting to know the status of the motion and/or a docket sheet. See Letter (Docket No. 66).

States v. Winestock, 340 F.3 200, 206 (4th Cir. 2003); United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651").

Section 2255 does permit a federal prisoner to challenge the legality of his sentence through a petition under 28 U.S.C. § 2241 for a writ of habeas corpus if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."). However, the fact that a litigant procedurally defaults on a § 2255 motion does not mean that a § 2255 motion is an inadequate or ineffective vehicle to challenge the legality of the litigant's detention. See Barrett, 178 F.3d at 53.

Here, Shelton does not present, and the Court cannot discern, any reason why a motion under § 2255 is inadequate or ineffective to challenge his conviction or sentence. As in the prior Memorandum and Order, this Court cannot recharacterize Shelton's request as a § 2255 motion. See Castro v. United States, 540 U.S. 375, 377 (2003). Instead, this Court will simply deny the request again without prejudice. Should Shelton seek to file a habeas petition under 28 U.S.C. § 2241 seeking to invoke the savings clause of § 2255, he must file such petition in this district in which he is confined, and not the District of Massachusetts. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of

confinement.").

## IV.   Conclusion

Based on the foregoing, it is hereby Ordered that Shelton's request for relief from his conviction and sentence is <u>DENIED</u> without prejudice, and this action is <u>DISMISSED</u> *sua sponte*. No filing fee shall be assessed.

SO ORDERED.

| | |
|---|---|
| <u>August 18, 2010</u><br>DATE | <u>/s/ George A. O'Toole, Jr.</u><br>GEORGE A. O'TOOLE, JR.<br>UNITED STATES DISTRICT JUDGE |